CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Scoval
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SAVVY REST, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:18CV00030 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| SLEEPING ORGANIC, LLC, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

This case is presently before the court on the plaintiff's motion for leave to file a second amended complaint. For the reasons set forth below, the court will grant the plaintiff's motion.

## Background

Savvy Rest, Inc. ("Savvy Rest") and Sleeping Organic, LLC ("Sleeping Organic") are competing retailers of mattresses and other bedding products. On April 13, 2018, Savvy Rest filed this action against Sleeping Organic, alleging violations of the Lanham Act and Virginia law. Savvy Rest asserts, among other claims, that Sleeping Organic violated the Lanham Act by falsely advertising on its commercial website that Sleeping Organic's mattresses are free of chemicals and certified to meet the requirements of the Global Organic Textile Standard ("GOTS").

On June 7, 2018, Sleeping Organic moved to dismiss the case for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to the District of South Carolina. The court took the motion under advisement and permitted the plaintiff to engage in limited jurisdictional discovery. Upon the completion of such discovery, the parties filed supplemental briefs on the issues of personal jurisdiction and venue.

In its supplemental brief, Sleeping Organic argued for the first time that Savvy Rest "lacks standing to bring any false advertising claims in this case." Def.'s Supp'l Br. 9, Dkt. No. 25; see also id. at 1, 5, 7. In particular, Sleeping Organic asserted that "Savvy Rest does not own the GOTS trademark nor have any organizational interest that would provide standing for Savvy Rest to assert a claim for false advertising from alleged misuse of the GOTS trademark or of misstatements regarding the organic makeup of Sleeping Organic's products." Id. at 5. The court permitted the parties to file additional briefing on this and other issues. The court has since denied the motion to dismiss or transfer.

In the interim, Savvy Rest requested leave to amend its complaint on two occasions. In its proposed second amended complaint, Savvy Rest includes additional allegations relevant to the issue of whether it can invoke the Lanham Act's cause of action for false advertising. The request to amend has been fully briefed and is ripe for review.

## Discussion

After the period for amending a complaint as a matter of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that leave should be freely given when justice so requires. Id. "The Supreme Court has declared that 'this mandate is to be heeded.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Id. (emphasis in original) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Upon review of the record and applicable caselaw, the court concludes that leave to amend must be granted in this case. There is simply no basis for the court to believe that the

2

proposed amendments would be prejudicial or that the plaintiff has acted in bad faith. Additionally, for the following reasons, the court finds the defendant's standing arguments unpersuasive. Accordingly, the proposed amendments would not be futile. See Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) ("A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss.").

Section 43(a)(1)(B) of the Lanham Act creates a cause of action for false advertising. Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 122 (2014). This provision forbids the use of any "false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographical origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). "The statute authorizes suit by 'any person who believes that he or she is likely to be damaged' by a defendant's false advertising." Lexmark, 572 U.S. at 129 (quoting 15 U.S.C. § 1125(a)(1)).

A plaintiff seeking to bring suit under a federal statute must show not only that it has constitutional standing under Article III, but that it has a cause of action under the statute. Id. at 125, 128. To satisfy Article III's "minimum requirements," the "plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." Id. at 125, 129 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). In this case, the original and proposed amended complaints allege that Savvy Rest suffered a loss of sales and goodwill as a result of Sleeping Organic's actions. Such allegations "give it standing under Article III to press its false-advertising claim." Id. at 125 (finding "allegations of lost sales and damage to [the plaintiff's] reputation" sufficient at the pleading stage); see also Frompovicz v. Niagara Bottling, LLC, 313 F. Supp. 3d 603, 609 (E.D. Pa. 2018)

3

("Plaintiff's Complaint alleges that Defendants' marketing and sale of their deceptively marketed spring water is damaging to the reputation and goodwill of Plaintiff, and that Defendants' actions hindered his sales. Thus, Plaintiff has sufficiently alleged a legally protected interest, and, thus, an injury-in-fact sufficient to confer standing.") (internal quotation marks omitted).

The court likewise concludes that Savvy Rest "falls within the class of plaintiffs whom Congress has authorized to sue under § 1125(a)."[1] Lexmark, 572 U.S. at 128. "To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove)" (1) "an injury to a commercial interest in sales or business reputation" (2) that was "proximately caused by the defendant's representations." Id. at 140. With respect to the first element, Savvy Rest claims that the defendant has misrepresented the nature, characteristics, and qualities of the defendant's mattresses by falsely claiming that the mattresses are GOTS-certified and chemical-free. Savvy Rest alleges that the defendant "can sell its falsely advertised mattresses for much lower prices" because it "does not incur expenses which are required to manufacture and sell . . . genuine GOTS Certified Mattresses." 2d Am. Compl. ¶ 72, Dkt. No. 32-3. Savvy Rest asserts that, as a result of the defendant's false advertising, Savvy Rest "is losing sales and profits it would otherwise have gained." Id. ¶ 80. Savvy Rest further alleges that the defendant's actions have a tendency to make consumers believe that Savvy Rest overcharges for its own organic mattresses that are GOTS-certified, and thus that the defendant's actions have also harmed Savvy Rest's reputation and goodwill. Id. ¶¶ 78, 113. The particular injuries alleged by Savvy Rest—lost sales and damage to business reputation—"are injuries to precisely the sorts of commercial interests the Act protects." Lexmark, 572 U.S. at 137. Consequently, at this stage of the

---

[1] Although this inquiry has been referred to in the past as "prudential standing," the Supreme Court clarified in Lexmark that such label "is a misnomer as applied to the zone-of-interests analysis, which asks whether this particular class of persons has a right to sue under this substantive statute." Lexmark, 572 U.S. at 127 (internal quotation marks and alteration omitted).

proceedings, the court concludes that Savvy Rest's allegations satisfy the first element. Id.; see also Frompovicz v. Niagara Bottling, LLC, 337 F. Supp. 3d 498, 505–06 (E.D. Pa. 2018) (finding this element met where the plaintiff alleged that its bottled water sales were depressed as a result of misleading labels on the defendants' water bottles); Outlaw Lab., LP v. US 1 Novelties LLC, No. 1:18CV02965, 2018 U.S. Dist. LEXIS 222223, at *19 (N.D. Ga. Nov. 28, 2018) (holding that the plaintiff's allegations of economic and reputational harm were sufficient at the pleading stage to meet this element).

Savvy Rest has also sufficiently alleged that its injuries were proximately caused by Sleeping Organic's purported misrepresentations. See Lexmark, 572 U.S. at 132–33 (noting that the Court has "construed federal causes of action in a variety of contexts to incorporate a requirement of proximate causation" and that such requirement "generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct"). Unlike the parties in Lexmark, Savvy Rest and Sleeping Organic are direct competitors. Thus, this case presents a "classic Lanham Act false-advertising claim" in which a competitor induces customers to purchase its products by making false statements about its own goods or the competitor's goods. Id. Along the same lines, the diversion of sales alleged by Savvy Rest is "the paradigmatic direct injury from false advertising." Id. Consequently, the court concludes that Savvy Rest's allegations also satisfy the proximate cause inquiry. See Steer Mach. Tool & Die Corp. v. SS Niles Bottle Stoppers, LLC, 331 F. Supp. 3d 429, 434 (M.D. Pa. 2018) (finding this element met where the parties were direct competitors and the plaintiff alleged that it "has been and is likely to continue to be injured in its business reputation, and lose revenue and profits" as a result of the defendants' false advertising).

Finally, the fact that "Savvy Rest does not own the GOTS trademark" is not fatal to its claim of false advertising. Def.'s Supp'l Br. 9, Dkt. No. 25. "While much of the Lanham Act

addresses the registration, use, and infringement of trademarks and related marks, § 43(a) . . . goes beyond trademark protection." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28–29 (2003). As indicated above, Subsection B, which defines the cause of action for false advertising, "creates liability for 'misrepresent[ing] the nature, characteristics, qualities, or geographic origin' of goods." Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 706 (4th Cir. 2016) (quoting 15 U.S.C. § 1125(a)(1)(B)). Thus, "the plain language of § 43(a) does not require that a plaintiff possess . . . a trademark in U.S. commerce as an element of the cause of action." Id.

For all of these reasons, the court concludes that Savvy Rest has alleged an adequate basis to proceed under § 43(a) of the Lanham Act. Whether Savvy Rest can ultimately prove its allegations is, of course, another matter. The court holds only that the plaintiff "is entitled to a chance to prove its case." Lexmark, 572 U.S. at 140.

## Conclusion

For the reasons stated, the court will grant Savvy Rest's motion for leave to file a second amended complaint.[2] The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 15th day of April, 2019.

_____
Senior United States District Judge

---

[2] The plaintiff's motion for leave to file a first amended complaint will be dismissed as moot.

6