**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| SAVVY REST, INC.<br><br>     Plaintiff,<br><br><br>v.<br><br><br><br>SLEEPING ORGANIC, LLC,<br><br>     Defendant. | Case No: 3:18-CV-00030<br><br><br>COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING; AND COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT

Plaintiff, Savvy Rest Inc., ("Plaintiff" or "Savvy Rest") by and through its undersigned counsel, pursuant to title 15 U.S.C. § 1051 *et seq.* (the Lanham Act), and the common law of the Commonwealth of Virginia, asserts federal trademark infringement, federal unfair competition, federal false advertising, and violations of the common laws of the Commonwealth of Virginia, against Sleeping Organic LLC ("Defendant" or "Sleeping Organic").

Plaintiff seeks (1) injunctive relief prohibiting Defendant's continued unauthorized use and exploitation of Plaintiff's federally registered trademark and trade name; (2) injunctive relief prohibiting Defendant from advertising its products as certified to the organic standards of the Global Organic Textile Exchange (GOTS); (3) prohibiting from advertising its products as chemical free; and (4) damages arising from Defendant's past and present acts of infringement, false advertising, and unfair competition in violation of the Lanham Act, and Virginia common law.

1

## PARTIES

1.      Plaintiff Savvy Rest is a corporation formed under the laws of the Commonwealth of Virginia, with a business address of 4414 Ivy Commons, Charlottesville, Virginia, 22903.

2.       Defendant, Sleeping Organic is a limited liability company organized in South Carolina with a business at 695 Coleman Boulevard, Mount Pleasant SC, 29464.

## JURISDICTION AND VENUE

3.      This action arises under the United States Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. §§1051, et seq., for federal trademark infringement, federal unfair competition, federal false advertising, and violation of the common laws of the Commonwealth of Virginia.

4.       This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 28 U.S.C. § 1367.

5.      The Court has personal jurisdiction over the Defendant based on Defendant conducting business in Virginia since at least as early as 2012 and Defendant's continuing business to the current date in Virginia.

6.      Defendant operates and advertises an online retail store where consumers from Virginia view Defendant's products offerings including bedding and mattresses and Virginia residents purchase Defendant's mattresses online using Defendant's online retail store.

7.      At least as early as the commencement of this suit Defendant has promoted its online retail store using Plaintiff's "Savvy Rest" trademark in connection with sponsored advertising known as Google AdWords and used Plaintiff's trademark on the first line known as the title line in the internet advertising.

8.      Defendant has used Plaintiff's Savvy Rest trademark displayed on Defendant's

2

online retail store promotions appearing within testimonials made by customers of Defendant.

9.     Defendant has advertised Defendant's bedding products as "chemical free" in its online retail store promotions.

10.    Defendant's online retail store has in past and presently continues to promote its mattress products as GOTS certified, a certification trademark which indicates a product standard known as the Global Organic Textile Standard (GOTS).

11.    Defendant has never been authorized by the Plaintiff to use Plaintiff's Savvy Rest trademark.

12.    Plaintiff's allegations of trademark infringement herein arise from Defendant's unauthorized uses of the Plaintiff's Savvy Rest trademark.

13.    Plaintiff's allegations of false advertising herein arise from Defendant's promotions within its online retail store wherein Defendant touts its bedding products to Virginia consumers who purchased Defendant's products which Defendant ships into Virginia.

14.    Plaintiff's allegations of false advertising herein arise from Defendant's promotions within its online retail store that state that Defendant's mattresses are GOTS certified.

15.    Defendant competes with Plaintiff in the sale of mattress and bedding products.

16.    Based on 1) the Defendant conducting continuous and ongoing business with residents in Virginia over the last six years through Defendant's online retail store; 2) the claims of torts against the Plaintiff as alleged herein arising out of the activities which Defendant has made in Virginia and continues to make in Virginia; and 3) because it is reasonable to require the Defendant to appear in this Court to Defend itself; the Court has specific jurisdiction and therefore personal jurisdiction over Defendant.

17.    Venue is proper in this district and pursuant to 28 U.S.C. § 1391 because the

Court has personal jurisdiction over the Defendant, Plaintiff's business is located in Charlottesville, within this division, Plaintiff has been harmed and continues to be harmed in this district in view of past, new, and ongoing and trademark infringement, and Defendant's continued operation of an on-line retail store conducting substantial business with Virginia consumers in this district and throughout the Commonwealth.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.   Plaintiff Savvy Rest has been manufacturing organic mattresses since at least as early as 2007 and before Defendant came into existence.

19.   Plaintiff's manufacturing facility is located in Charlottesville Virginia.

20.   Plaintiff maintains retail store locations in Charlottesville and Vienna, Virginia; Rockville, Maryland; and a location in Berkeley, California.

21.   Plaintiff sells and distributes certified organic mattresses nationwide through independent dealers.

22.   The Plaintiff's facility has been inspected, assessed, and approved to standards which are promulgated by the owner of the certification trademark known as the GLOBAL ORGANIC TEXTILE STANDARD, also known as the GOTS certification standard.

23.   Plaintiff was issued a "GOTS certificate" which is issued by a GOTS certifying entity to indicate that the holder of the GOTS certificate has met the GOTS certification standards. See Exhibit A.

24.   Plaintiff has been authorized to manufacture and sell GOTS certified bedding products since at least as early 2011.

25.   In order to be approved as a GOTS certified mattress manufacturer and retailer, Plaintiff has invested in excess of $250,000 in its manufacturing facilities, including but not limited to costs of employees exclusively tasked to track all the components which go into manufacturing a

GOTS certified organic mattress and thereby assure compliance with the GOTS certification standard.

26.     Over the last ten years Plaintiff has invested in excess of 3 million dollars advertising its organic mattresses.

27.     Plaintiff has built intangible and immeasurable good will in its Savvy Rest brand by virtue of sales of GOTS certified bedding products. Plaintiff's GOTS certified mattresses costs can range from about $1,400 upwards to $6,800.

28.     These high costs reflect the costs associated with complying to rigorous standards set forth by and required to meet and obtain a GOTS certification certificate for mattresses and bedding.

29.     Plaintiff is the owner of United States Trademark Registration Number 3626127 for the mark SAVVY REST covering "retail store and on-line retail store services featuring sleep products, namely, mattresses, spring mattresses, box springs, crib mattresses, adjustable beds, mattress pads, mattress foundations and pillows" (hereinafter registration number 3626127 is referred to as "the '127 registration"). A copy of the '127 registration is attached at <u>Exhibit B</u>.

30.     The '127 registration matured on May 26, 2009 and as shown by the current U.S. Patent and Trademark Officer database records, the '127 registration is valid and incontestable pursuant to Section 15 of the Lanham Act. A printout of the current USPTO trademark records is attached at <u>Exhibit C</u>.

31.     The '127 registration entitles Plaintiff to exclusive rights to use the registered trademark SAVVY REST in connection with the retail and online store services as listed in the '127 registration.

32.     Based upon Plaintiff's longstanding use of its SAVVY REST trademark, consumers and distributors have come to learn the SAVVY REST brand is a source of high

quality mattresses.

33.     Plaintiff has developed significant good will accrued to its SAVVY REST brand  by virtue of its longstanding and exclusive use.

34.     Plaintiff uses the mark SAVVY REST as its trade name/service mark and a trademark/brand for its mattresses (hereinafter the registered mark and the trade name are jointly referred to as "the trademark").

### DEFENDANT'S UNAUTHORIZED USES OF THE PLAINTIFF'S SAVVY REST TRADEMARK

35.     Defendant maintains an online retail store at the url, domain name address, www.sleepingorganic.com.

36.     At least as early as March 26, 2018, Defendant used Plaintiff's trade name and trademark so it appeared in Google AdWords sponsored  advertisement as appears below.



37.     Defendant's uses above show the Plaintiff's trademark prominently in the title line of Defendant's internet advertising.

38.     Defendant's uses of Plaintiff's trademark in sponsored Google Adwords appeared in Google searches for the trademark when searching with a smart phone or a computer.

6

39.     On information and belief Defendant's use of Plaintiff's trademark in the title line advertising was deliberate and intended to deceive consumers to believe that the advertisement was placed by Plaintiff.

40.     On information and belief Defendant's advertising was deliberate and intended to have consumers click on the title-line link so consumers would be directed to the Defendant's online retail store.

41.     After the commencement of this suit Defendant added a testimonial on its website using Plaintiff's Savvy Rest trademark as appears below which shows a customer with the name Brian was actually confused when he wrote a testimonial on June 27, 2018 indicated he believes he purchased a pillow from Savvy Rest.



42.     Defendant has used Plaintiff's Savvy Rest trademark prior to the two occurrences in 2018 as alleged above.

43.     At least as early as January of 2017, Defendant used Plaintiffs trademark in Defendant's internet advertising in an effort to divert internet traffic to Defendant's online retail store.

44.     On or about January 12, 2017, Plaintiff's principal contacted Defendant and spoke with an individual with name of Brandon who identified himself as acting on behalf of

7

Defendant.

45.     Upon being informed by Plaintiff's principal that Defendant's activities violated Plaintiff's trademark rights, Brandon informed Plaintiff's principal that the advertising would be changed and Defendant would stop use of Plaintiff's trademark.

46.     Sometime after Defendant stopped use of Plaintiff's trademark Defendant commenced use a new use of Plaintiff's trademark in connection with Google AdWord prior to March 2018.

47.     Defendant commenced a new use of Plaintiff's trademark in connection testimonials appearing on Defendant's website sometime in June 2018 after the commencement of this suit.

48.     Defendant's uses of Plaintiff's SAVVY REST trademark as complained of herein constitute trademark infringement under federal law and the common laws of the Commonwealth of Virginia.

49.     Defendant uses of the Plaintiff's SAVVY REST trademark as complained of herein  constitute false advertising under federal law.

50.     On information and belief Defendant's activities complained-of herein actually confuse consumers as to the source, sponsorship or affiliation of Defendant's products with that of Plaintiff's products and services

51.     On information and believe Defendant's actions have been knowingly, willful, calculated to deceive consumers, and orchestrated with bad faith.


**Defendant's False Advertising Representing its Mattresses as Chemical Free**

52.     On and before the commencement of this suit, a search using the Google search engine revealed the Defendant's internet organic listing as appears below and indicates that

Defendant's mattresses are chemical free.



53.     Defendant has advertised its bedding as "chemical free" and includes testimonial on its webstore promotions showing consumers believe Defendant's mattresses are "chemical free". An image of a testimonial appearing on Defendant's online retail store appears below.



54.     The testimonial states that one consumer of Defendant's mattresses did research for hours for healthy, chemical free, mattresses, for her family which led the consumer to the Defendant's website and online retail store where the consumer purchased one of Defendant's

bedding products.

**Defendant's False Representations of GOTS Certification**

55.     Defendant Sleeping Organic commenced selling mattresses using an online internet web store in 2011 and has made sales throughout the United States and in the Commonwealth of Virginia.

56.     Defendant has sold and grossed sales in excess of $219,000 in Virginia alone.

57.     Gross sales figures throughout the United States are not known at this time.

58.     Defendant currently advertises GOT certified mattresses for sale in a range from as low as $965 to $2,875 for its most expensive mattress.

59.     Since commencing this suit and to the current day Defendant has advertised that its mattresses are organic and stated that its mattresses are "GOTS Certified Mattresses".

60.     Defendant's mattresses are not GOTS Certified Mattresses and the advertising to the contrary is literally false.

61.     Defendant has advertised that its mattresses are "chemical free" and this statement is literally false.

62.     Textile products and component parts which comprise Defendant's mattresses are made with and contain at least some amount of chemicals.

63.     Plaintiff's organic mattresses are made with some components which by their nature or production contain at least some amount of chemicals.

64.     The GOTS certification standard has specific limitations and controls on the types and amounts of chemicals which cannot be exceeded in order to maintain a GOTS certification for organic mattresses.

65.     Plaintiff products meet the GOTS requirements limiting chemical content.

10

66.     Plaintiff and Defendant Sleeping Organic are direct competitors.

67.     Defendant has used Plaintiff's trademark and trade name in paid internet advertisements and doing so in such a way that a consumer seeing the use of the Savvy Rest name is likely to and has clicked on the link which then directed the user to the internet web store where Defendant sells competing mattresses which it advertises as organic and as "GOTS Certified Mattresses".

68.     Representative images of Defendant's current advertising as shown on Defendant's website appear below.







69.     Because Defendant's mattresses are not GOTS certified, Defendant has not had to

invest the hundreds of thousands of dollars to obtain GOTS compliance and certification.

70.     Defendant does not pay for the ongoing inspections and approvals that Plaintiff pays to maintain the ability to advertise and sell Plaintiff's mattresses and represent them as GOTS Certified Mattresses.

71.     Defendant's mattresses are manufactured with components that would not be approved to meet the GOT rigorous standard.

72.     Because Defendant does not incur expenses which are required to manufacture and sell and genuine GOTS Certified Mattresses, Defendant can sell its falsely advertised mattresses for much lower prices.

73.     Consumers who compare the more expensive GOTS organic certified mattresses offered by Plaintiff, to the less expensive mattresses sold by the Defendant, and touted as GOTS Certified, have purchased Defendant's mattress due to the GOTS certification.

74.     Defendant has encouraged consumers to compare the two mattresses by directing internet traffic using Plaintiff's registered trademark unfairly.

75.     Consumers have purchased and will continue to purchase Defendant's mattresses because the consumer has been tricked into thinking they are saving money and getting a better value for their money then if they purchased Plaintiff's mattresses and related bedding product offerings.

76.     This is particularly so since consumer survey studies have show that an appreciable number of consumers perceive organic mattresses as better than non-organic mattresses.

77.     Defendant has directed consumers who view Defendant's website, to visit one of Plaintiff's showrooms to see and lay upon a Savvy Rest GOTS certified mattress and then order the same mattress from Defendant because Defendant makes GOTS certified mattresses for less and equates it mattress as the same as Plaintiff's but less expensive.

13

78.     On information and belief Defendant's actions have a tendency to make consumers believe that Plaintiff overcharges for its mattress and therefore Defendant's actions harm Plaintiff's reputation and disparages Plaintiff.

79.     Consumers have purchased and will continue to purchase Defendant's mattresses because the consumer has been tricked into thinking they are purchasing a chemical free mattress and saving money and getting a better value of their money then if they purchased Plaintiff's mattresses.

80.     Plaintiff is losing sales and profits it would otherwise have gained but for Defendant falsely advertising its mattresses as GOTS Certified and advertising its mattresses as "chemical free".

81.     Defendant has profited by increasing its sales as a result of its false advertising and misleading advertising.

82.     Defendant has diverted consumers looking for Plaintiff by using the Savvy Rest trademark in Defendant's advertising including using the Savvy Rest trademark to trick and direct consumers to Defendant's online webstore where Defendant promulgates false advertising.

83.     Defendant also used Savvy Rest trademark directly in Defendant's online web store by providing the testimonial referred to Defendant's pillow as a Savvy Rest pillow.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

85.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-83, which are incorporated herein by reference.

86.      Defendant's unauthorized uses of Plaintiff's registered trademark has caused actual confusion and is likely to cause confusion in future, or to cause consumers to be mistaken, or deceived as to the affiliation, connection, association, sponsorship, or approval of Defendant's

14

mattresses by Plaintiff.

87.    On information and belief, at the time the Defendant made its decisions to commence uses of the Plaintiff's trademark, the decision was purposefully made and with bad faith to confuse consumers into thinking that Defendant also operates under the trade name SAVVY REST or otherwise is affiliated with or sponsored by Plaintiff.

88.    On information and belief, at the time the Defendant commenced use of the Plaintiff's trademark in the title of its Google AdWords advertising campaign, the decision to place the mark SAVVY REST in the advertisement header was purposefully made to lead consumers searching for the term SAVVY REST to the Plaintiff's online web store.

89.    Defendant's use of Plaintiff's Savvy Rest trademark by use of a testimonial of a customer who erroneously believes he purchased a pillow from Plaintiff has caused actual confusion and is likely to cause confusion as to source, sponsorship, or affiliation of Defendant's products with Plaintiff.

90.    Plaintiff is being damaged by Defendant's actions which cause a diversion of sales, loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

<u>**COUNT II**</u>
<u>**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A)**</u>

91.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-90, which are incorporated herein by reference.

92.    On information and belief, Defendant's commercial uses of Plaintiff's SAVVY REST mark falsely designates the origin of Defendant's goods or makes misleading representations which have caused actual confusion and likely to continue to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection, or association of

15

Defendant and Defendant's products as being sourced by, sponsored by or affiliated with Plaintiff.

93.     On information and belief Defendant's actions diverted business and sales from Plaintiff to Defendant and Plaintiff has lost profits because Defendant has made misleading representations and used false designations of origin in Defendant's advertising, advertising campaigns, and publically promulgated online retail store promotions.

94.     Defendant has repeatedly used Plaintiff's SAVVY REST trademark without authorization after Defendant was informed in 2017 to cease use of the trademark.

95.     Defendant's uses of Plaintiff's trademark in connection with the sale of mattresses are likely to deceive consumers to think that Defendant's mattresses are sourced, sponsored, affiliated, or otherwise approved by the Plaintiff, when in fact no such approval or authorization to use Plaintiff's trademark exists.

96.     Plaintiff is being damaged by Defendant's actions which cause a diversion of sales, a loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

## COUNT III
## FEDERAL FALSE ADVERTISING (15 U.S. C. §1125 (a)(1)(B)

97.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-96, which are incorporated herein by reference.

98.     On information and belief Defendant's web site advertising which states that Defendant's mattress are chemical free and or GOTS certified are false and misleading statements of fact that misrepresents the nature, characteristics, qualities and/or accreditation of Defendant's mattresses.

99.     On information and belief Defendant knew its advertising promulgated false and

16

misleading statements of fact that misrepresents the nature, characteristics, qualities and/or accreditation of Defendant's mattresses yet did so in an effort to divert business and sales away from Plaintiff.

100.    On information and belief Defendant knew its advertising promulgated false and misleading statements of fact that misrepresents the nature, characteristics, qualities and accreditation of Defendant's mattresses and did so with the intent so make consumers more likely to purchase Defendant's mattress and not Plaintiff's mattresses.

101.    On information and belief Defendant's employees made false and misleading statements of fact that misrepresents the nature, characteristics, qualities and/or accreditation of Defendant's mattresses.

102.    On information and belief Defendant's employees made statements specifically to persuade consumers to purchase Defendant's mattress instead of Plaintiff's mattresses.

103.    Defendant's advertising and promotions misrepresents the nature, characteristics, qualities and accreditation of Defendant's mattresses and is designed with the intent to make consumers more likely to purchase Defendant's mattress and not Plaintiff's mattresses.

104.    Defendant's use of Plaintiff's trademark in connection with commercial advertising, sale, distribution, and promotion of mattress goods, includes false and misleading descriptions and misrepresentations of fact as to the nature, characteristics, qualities and accreditation of Defendant's mattresses.

105.    Plaintiff is being damaged by Defendant's false advertising actions which cause a diversion of sales.

106.    On information and belief Defendant's mattresses are not certified by GOTS which misrepresents the nature, characteristics, qualities and accreditation of Defendant's mattresses.

17

107.    On information and belief Defendant's employees have stated that Defendant's mattresses are GOTS certified and have misrepresented the nature, characteristics, qualities and accreditation of Defendant's mattresses.

108.    On information and belief Defendant's mattress are not chemical free which misrepresents the nature, characteristics, qualities and accreditation of Defendant's mattresses

109.    On information and belief Defendant's actions complained of herein included making false or misleading statements with actual motive to deceive or the statements have a tendency to deceive a substantial portion of the intended audience, and the deception is material in that it is likely to influence purchasing decisions, and further the false advertising injured the Plaintiff and is likely to continue to injure the Plaintiff unless enjoined.

110.    On information and belief consumers purchase organic mattress because of the belief that organic mattress have less chemicals than mattresses which are not organic.

111.    On information and belief consumers who have allergies purchase organic mattress because of the belief that organic mattress or more hypoallergenic than mattresses which are not organic.

112.    But for Defendant's actions complained of herein Plaintiff would not have lost sales.

113.    But for Defendant's actions complained of herein Plaintiff would not have lost good will.

114.    Defendant's actions complained of herein injured the Plaintiff and render Plaintiff's past and current advertising efforts less effective than they would have been and will continue to injure Plaintiff in future if Defendant's actions are not enjoined.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION UNDER VIRGINIA LAW

115.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-114,  which are incorporated herein by reference.

116.    Defendant has infringed Plaintiff's trademark rights and competed unfairly by using Plaintiff's trademark in promotional advertising in such a manner that was designed to divert customers looking for the Plaintiff and to deceive consumers into believing that Plaintiff is affiliated, approved, or authorized Defendant to distribute Plaintiff's mattresses or otherwise that Defendant is affiliated in some manner with Plaintiff, when in fact there is no affiliation between Defendant and Plaintiff.

117.    Plaintiff is being damaged by Defendant's actions which cause a diversion of sales, loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

118.    Defendant's actions have been willful and with intent to deceive consumers, divert internet traffic, and have the tendency to deceive consumers.


**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff respectfully  requests this Court enter judgment in favor of Plaintiff for each and every claim asserted above, and grant relief and an award, including, but not limited to:

        a.      Preliminarily and permanently restraining and enjoining Defendant and all persons acting in concert  with Defendant or purporting to act on its behalf or in active concert or in participation with  Defendant, including, but not limited to, its agents, servants, employees, successors, licensees, or  assigns, from

19

infringing the trademarks of Plaintiff, using Plaintiff's trademark in advertising in a manner which falsely indicates approval, sponsorship or affiliation with Plaintiff in connection  with the Defendant; using Plaintiff's trademark in advertising to direct internet traffic to Defendant's website; stop Defendant from promulgating advertising which represents Defendant's bedding products  are chemical free; stop promulgating advertising which represents Defendant's bedding products certified as GOTS organic absent owning a bona-fide GOTS certification certificate; and stop  promulgated statements or advertising likely  to deceive consumers as to the materials and  composition of Defendant's bedding and mattresses products;

b.      An Order requiring Defendant to remove all internet advertising and promotional  advertising in any form within the control of Defendant which use the Plaintiff's trademark;

c.      An Order requiring Defendant to take remedial efforts to correct false advertising including but not limited to reasonable efforts to contact all purchasers of Defendant's mattresses to alert them that the mattresses are not GOTS certified;

d.      An Order requiring Defendant to file with this Court and serve on Plaintiff within  thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail  the manner and form in which Defendant has complied with the injunction;

e.      Awarding Plaintiff the Defendant's profits and all damages sustained by  the  Plaintiff as  a  result  of  Defendant's  wrongful  acts  and infringement; an accounting of said profits;  and such other compensatory damages

20

as the Court determines to be fair and appropriate;

       f.     A finding that this case is exceptional in accordance with 15 U.S.C. §1117 in that Defendant's egregious actions of false advertising which were repeated after representing to Plaintiff and the Plaintiff having notice of the violations of false advertising and knowledge of pertaining to trademark infringing activity which Defendant stopped once and commenced anew infringing activity post-complaint filing and therefore the Court should award Plaintiff treble damages.

g.  The costs of the action;

h.  Award Plaintiff's its reasonable attorneys' fees incurred herein in view of Defendant's willful infringement; and

i.  For such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 30, 2018            Respectfully submitted,

Jeffrey H. Greger, PC
Jeffrey H. Greger VSB 41500
5006 Kenerson Dr. 22032
Fairfax, VA
571-331-4949
jeffreyhgregerpc@gmail.com

*Attorney for Plaintiff*

21