IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SAVVY REST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18CV00030 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SLEEPING ORGANIC, LLC, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This case is presently before the court on the motion for leave to intervene filed by Global Standard Gemeinnützige Gmbh ("GSG"). For the reasons set forth below, the motion will be granted.

**Background**

On April 13, 2018, Savvy Rest, Inc. ("Savvy Rest") filed this action against Sleeping Organic, LLC ("Sleeping Organic"), alleging violations of the Lanham Act and Virginia law. Savvy Rest asserts, among other claims, that Sleeping Organic violated the Lanham Act by falsely advertising on its commercial website that Sleeping Organic's mattresses are certified to meet the requirements of the Global Organic Textile Standard ("GOTS").

On June 7, 2018, Sleeping Organic moved to dismiss the case for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to the District of South Carolina. The court took the motion under advisement and permitted Savvy Rest to engage in limited jurisdictional discovery. Upon the completion of such discovery, the parties filed supplemental briefs on the issues of personal jurisdiction and venue. The court denied the motion to dismiss or transfer on March 29, 2019.

On April 15, 2019, the court granted Savvy Rest's motion for leave to file a second amended complaint. The second amended complaint was filed that same day. On May 6, 2019, Sleeping Organic filed an answer to the second amended complaint. Sleeping Organic then filed an amended answer on May 23, 2019.

On June 25, 2019, the court issued a revised scheduling order. Pursuant to the order, the parties have until May 1, 2020 to complete discovery. A jury trial is currently scheduled to begin on June 15, 2020.

On August 30, 2019, GSG filed the instant motion for leave to intervene. According to the motion, GSG is a German entity formed to implement the GOTS program. GSG owns two federally-registered certification marks, which form part of the dispute between Savvy Rest and Sleeping Organic. On July 5, 2016, GSG obtained a certificate of registration from the United States Patent and Trademark Office ("USPTO") for the GOTS word mark. On December 27, 2016, GSG obtained a certificate of registration from the USPTO for the GOTS certification logo. GSG seeks to intervene in this action to pursue claims against Sleeping Organic for its alleged unauthorized use of GSG's certification marks.

Sleeping Organic has opposed the motion to intervene, and GSG has filed a reply brief in support of the motion. The parties have waived oral argument, and the matter is now ripe for decision.

## **Discussion**

GSG argues that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively, that the court should permit it to intervene under Rule 24(b). Because the court will exercise its discretion to allow GSG to intervene under Rule 24(b), the court need not decide whether GSG is entitled to intervene as a matter of right. See Pinnacle Bank v. Bluestone Energy Sales Corp., No. 7:17-cv-00395, 2017 U.S. Dist. LEXIS 188948, at

*3 (W.D. Va. Nov. 14, 2017) (citing United States ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co., 349 F. Supp. 2d 934, 938 (D. Md. 2004)).

The United States Court of Appeals for the Fourth Circuit has recognized that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted). Under Rule 24(b), the court may permit intervention "[o]n timely motion" by any movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In deciding whether to permit intervention, the court must "consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, where a movant seeks permission to intervene under Rule 24(b), it must establish each of the following elements: (1) that its motion is timely; (2) that its claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties. Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005).

In this case, GSG has satisfied the threshold element of timeliness. Although the motion to intervene was filed over a year after Savvy Rest filed its original complaint, the parties are still in the early stages of discovery on the merits, and discovery does not close until May 1, 2020. Consequently, the case is not "within sight of the terminal" and will not be "derail[ed]" if GSG is permitted to intervene. Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir. 2001), rev'd on other grounds sub nom., Devlin v. Scardelletti, 536 U.S. 1, 14 (2002) (internal quotation marks omitted); see also Maxum Indem. Co. v. Biddle Law Firm, PA, 329 F.R.D. 550, 553–54 (D.S.C. 2019) (holding that a motion to intervene was timely filed where most of the deadlines in the

existing scheduling order had not yet expired and the parties still had six months to complete discovery).

The second inquiry under Rule 24(b) is whether the movant has a claim or defense that shares a common question of law or fact with the original action. This element is also satisfied here. Savvy Rest claims that Sleeping Organic violated the Lanham Act by using GSG's certification marks on its website to falsely advertise that Sleeping Organic's mattresses are "GOTS Certified." 2d Am. Compl. ¶ 59, Dkt. No. 41. Likewise, GSG claims that Sleeping Organic's mattresses are "not GOTS Certified Mattresses" and that Sleeping Organic has engaged in "unauthorized uses of the GSG trademarks" on its website. Proposed Intervenor Compl. ¶¶ 32, 38.

Finally, Sleeping Organic does not argue, and the court has no reason to believe, that permitting GSG to intervene would result in undue prejudice or cause undue delay. Because GSG's claims "largely overlap with the legal and factual issues that are already present in the main action," the addition of GSG "is not likely to significantly complicate the proceedings or unduly expand the scope of any discovery in this case." United States v. North Carolina, No. 1:16-cv-00425, 2016 U.S. Dist. LEXIS 84788, at *9 (M.D.N.C. June 29, 2016).

## Conclusion

For these reasons, and in keeping with the liberal policy in favor of intervention, the court will grant GSG's motion to intervene. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 8th day of November, 2019.

*/s/ Glen E. Conrad*
Senior United States District Judge